GEORGIA,
Chatham Co.
JUNE, 1809.

Cook vs. King.

*Minutes of Superior Court, letter G. p.* 217.

*Chambers, June 3,* 1809.

COOK *vs.* KING.

APPEAL.

By *Charlton,* Judge.

THE question for the decision of the court in this case is, whether it is required by the law, that a plaintiff upon entering this appeal, should give the same security which is required upon the appeal of a defendant. One of the provisory clauses of the 26th sect. of the judicial act, Marb. and Crawf. Dig. p. 300, declares, " that in case either party shall be dissatisfied with the verdict, he may enter an appeal" within a certain time after the adjournment of the court ; " provided, (says another clause in the same section,) the person or persons so appealing, shall previously, to obtain such appeal, pay all the costs which may have arisen on the former trial ; and give security for the eventual condemnation money : except *executors* and *administrators,* who shall not be liable to give such security." No distinction is made in the clauses between the security which it would be necessary for the plaintiff to give ; or that which is required of the defendant. It appears, however, evidently unreasonable and absurd, to require security of the *plaintiff* for the eventual condemnation money ; now the condemnation money is the sum sued for. The legislature would therefore not have intended that the *plaintiff* should, upon *his* appeal, give security to the amount for which he had sued the defendant. This being the absurdity which would result from a rigid adherence to the letter of the act, I feel myself authorized to put such construction upon the statute, which the makers had in view, for *qui hæret in litera hæret in cortice.* Williams *vs.*

34

GEORGIA,
Chatham Co.
JUNE, 1809.

Cook vs King.

Barclay, 2 T. R. 73. The makers of the act had certainly no other object in view than to afford an ample security and indemnification to the *plaintiff* for the delay or vexation of the *defendant's* appeal. There can be no condemnation money received from the plaintiff, hence the legislature could not have contemplated any injuries to the defendant from his appeal, and as the plaintiff must pay all costs antecedent to the entering of an appeal, nothing can be recovered by the defendant upon the appeal recognisance, and consequently security by the plaintiff is nugatory, and if nugatory, the law did not intend to require it. I shall, therefore, substitute the *intention* of the statute for the *letter* of it, upon the well known principle of construction, that a thing which is within the letter of a statute, is not within the statute, unless it be with the intention of the makers. Reniger *vs.* Taggosd, in Plowden, 18, shows how far this principle was carried into operation in the construction of the statute of *Marlebridge*, c. 4.

I am of the opinion, therefore, that there is no irregularity in the neglect or refusal of the plaintiff to give security for the ultimate condemnation money.

Let the appeal be entered.

*Lawson*, for plaintiff.
*Davis* and *Berrien*, for defendants.